Campbell, J.,
(with the concurrence of two other Justices.)— The 288th section of the code provides that “ if the action be one in which the. defendant might have been arrested, as provided in section 179 and section 181, an execution against the person, of the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of an execution against his property unsatisfied in whoie or in part.” Such execution, (subdivision 3 of § 289,) “ if it be against the person of the judgment debtor, shall require the officer to arrest such debtor and commit him to the jail of the county until he shall pay the judgment or be discharged according to law.” This action was clearly one in which the defendant might have been arrested under § 179. The plaintiff was charged in the first suit with fraud, and was arrested. It was *656 an injury to his person and his character if the charges were untruly preferred and the arrest made maliciously. The defendant in this suit was not arrested, but I cannot see what difference that makes. Section 288 provides for this execution against the person of the judgment debtor, not in actions where the defendant has been arrested, but in those where he might have been arrested. No judge’s order was requisite. The amount was fixed by the judgment, which the plaintiff was bound to pay, and for which the execution issued against his person. This is not like an arrest of the defendant at the commencement or during the progress of the suit, where it is necessary that the judge shall fix in his order the amount in which the defendant shall be held to bail. Here the rights of the parties were determined. The plaintiff had failed in his action and a judgment had been obtained against him for the costs. Sections 288 and 289 give to the defendant in this case the right to issue an execution against the person of the plaintiff, and the judgment record fixes the amount for which he shall be arrested.
This case is clearly distinguishable from that of Squire v. Flynn, 2 Code Reporter, 117. That was an action on contract, and it does not appear that there was any allegation in the complaint, or that any thing appéared in the proceedings, to distinguish the case from that of an ordinary action on a contract. The plaintiff, having obtained a judgment, caused the defendant to be arrested on execution issued against his person. On a motion to discharge the defendant from arrest, the plaintiff read in opposition affidavits charging that the defendant had fraudulently-contracted the debt. The judge very properly decided that that question was one which should first have been passed upon by a judge before the defendant was arrested. In the case before me, the complaint shows that the action was for a false imprisonment and malicious prosecution, and the affidavits on which this motion is founded on the part of the plaintiff contain averments of the same fact.
It appears to me, therefore, that where the action was fo.r damages for injury to the person, and where all the facts appear *657 upon the face of the proceedings, even though the defendant was not arrested, the provisions of § 288 apply; and that the plaintiff, having by his defeat become the judgment debtor, was subject to arrest under an execution issued against his person, and that no order of a judge was necessary. The motion for his discharge must be denied.